[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 5, 2007
THOMAS K. KAHN
CLERK

No. 06-14032

D. C. Docket No. 05-20383 CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNESTO DELGADO,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

**(September 5, 2007)**

Before DUBINA and MARCUS, Circuit Judges, and COOGLER,* District Judge.

PER CURIAM:

---

*Honorable L. Scott Coogler, United States District Judge for the Northern District of Alabama, sitting by designation.

Appellant, Ernesto Delgado ("Delgado"), appeals his convictions for various drug offenses.

Delgado presents the following issues for appellate review:

1. Whether the district court erred in admitting the tape recorded conversation between Salgado and Delgado in which Salgado stated that it was Delgado who sent the package.

2. Whether the district court in limiting cross-examination thus violated Delgado's Confrontation Clause rights.

The question of whether hearsay statements are "testimonial" for purposes of the Confrontation Clause is a question of law which this court reviews *de novo*. *See generally Crawford v. Washington*, 541 U.S. 3668, 124 S. Ct. 1354, 1374 (2004); *United States v. Underwood*, 446 F.3d 1340, 1345 (11th Cir.), *cert. denied*, 127 S. Ct. 225 (2006). This court reviews for harmless error alleged violations of the Confrontation Clause. *United States v. Hunerlach*, 197 F.3d 1059, 1067 (11th Cir. 1999). If a defendant fails to timely object to an alleged Confrontation Clause violation, this court reviews the claim for plain error. *United States v. Arbolaez*, 450 F.3d 1283, 1291 (11th Cir. 2006). Whether the district court erred in limiting cross-examination is reviewed for abuse of

discretion, subject to the Sixth Amendment's right of confrontation. *United States v. Tokars*, 95 F.3d 1520, 1531 (11th Cir. 1996).

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we conclude that there is no merit to any of the arguments Delgado makes in this appeal. A magistrate judge entered an order finding no *Crawford* violation. Delgado never appealed that ruling to the district court. Thus, our review is for plain error. Although we question whether the statement was Salgado's, and we question whether a *Crawford* violation exists at all, even if there was error, it would not constitute plain error. Accordingly, we affirm Delgado's convictions.

**AFFIRMED.**